GEORGE WALKER *vs.* GEORGE W. SWASEY.

Where a question arises whether there is a misdescription of the land conveyed in a deed, which was inserted through the fraud of the grantee, so as to cover land designed by the grantor for a street adjoining the land agreed to be conveyed, the admission of evidence that the agents of the grantor, acting under his direction, shortly before the execution of the deed, made a plan of his land, of which the premises described were a part, showing that a street was laid out over the land which is alleged to have been so fraudulently included in the deed, and that the deed was executed by the grantor and his wife separately, is no ground for a new trial.

TORT, to recover damages for trespass *quare clausum*, and erecting a fence upon the plaintiff's land.

After the former decision in this case, reported in 2 Allen, 312, a new trial was had in the superior court, before *Vose*, J., at which it appeared that the plaintiff derived his title to the premises under a deed from Frederick Dwight, and that the defendant claimed title thereto under a prior deed from Dwight to himself. The plaintiff contended and offered evidence to prove that there was a misdescription of the premises conveyed in the latter deed, and that the same was fraudulently inserted therein by the defendant, so as to cover a piece of land designed by Dwight for a street adjoining the land agreed to be conveyed, and that upon discovery of the fraud Dwight entered upon the piece of land so fraudulently included in the deed, and avoided his deed as to the same, before making his deed to the plaintiff.

For the purpose of proving these facts, the plaintiff was permitted to show that agents of Dwight, acting under his general directions, shortly before the execution of the deed to the defendant, made a plan of his land, of which the premises described were a part, showing that a street was laid out over the

land which he alleged was so fraudulently included in the deed, and that, after the deed had been executed by Dwight, the defendant sent it to be executed by Mrs. Dwight at a time when Dwight was not present.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*N. A. Leonard,* for the defendant.

*J. Wells,* for the plaintiff.

DEWEY, J. It is difficult precisely to say what collateral facts are competent evidence, upon such an issue as was raised in the present case. We must assume that there was much more evidence than is reported in the bill of exceptions, upon the question whether the description of the premises in the deed of Dwight to the defendant was fraudulently inserted therein, by the procurement of the defendant. As we understand the case, it was competent, as bearing upon other facts in the case, to show that the grantor had adopted plans and was prosecuting arrangements inconsistent with the alleged sale and conveyance to the defendant. Such acts and purposes, it was alleged, were known and understood by the grantee. Considering this as only a part of the evidence in the case, and that it might have been competent for some purposes, as tending to establish the fraud of the defendant in procuring such a description of the land conveyed as would embrace the premises in controversy, we do not feel authorized to say that this evidence should have been excluded, and that its admission requires the verdict to be set aside. *Exceptions overruled.*